(160 App. Div. 764)

BROWN v. UNITED STATES EXPRESS REALTY CO. et al.

(Supreme Court, Appellate Division, First Department. February 20, 1914.)

1. MASTER AND SERVANT (§ 117*)—INJURIES TO SERVANT—MACHINERY AND APPLIANCES—ELEVATOR.

A master was not negligent because there was a space of 2¾ inches between the floor of an elevator and that of the hall, through which a heavy piece of iron slipped and injured plaintiff below, where it was not shown that such space was excessive or unusual.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 177, 208; Dec. Dig. § 117.*]

2. MASTER AND SERVANT (§ 159*)—INJURIES TO SERVANT—FELLOW SERVANT.

Where a servant working in an elevator shaft was injured by a heavy piece of iron, which fell through the space between the elevator and the landing, he could not recover if the accident was caused by the negligence of the elevator operator in not stopping on a level with the landing, or of his other fellow servants, who were removing the piece of iron from the elevator.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 318–325; Dec. Dig. § 159.*]

3. MASTER AND SERVANT (§ 185*)—INJURIES TO SERVANT—ANTICIPATION OF INJURY.

In an action by a servant for injuries sustained while working in an elevator shaft, caused by an iron plate falling through the space between the elevator floor and the landing, it was proper to charge that the master was not responsible for the failure of his servant in charge of the work

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to anticipate an accident which a reasonably prudent man would not have anticipated.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. § 185.*]

**4. MASTER AND SERVANT (§ 185*)—INJURIES TO SERVANT—METHODS OF WORK —ELEVATORS.**

A superior servant, who directed plaintiff to work in an elevator shaft, and promised to hold the elevator, was bound to take the necessary precautions to prevent the car from being so operated as to injure him, but it was not negligence to direct its use to carry to the floor above plaintiff an iron plate, which fell between the elevator and the landing while it was being unloaded.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 385–421; Dec. Dig. § 185.*]

Appeal from Trial Term, New York County.

Action by George E. Brown against the United States Express Realty Company and others. From a judgment for plaintiff, and an order denying a new trial, the defendant named appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

B. L. Pettigrew, of New York City, for appellant.
Edwin P. Kilroe, of New York City, for respondent.

SCOTT, J. The defendant is the owner of a large office building on Rector street in the city of New York. The plaintiff was in its employ, acting as elevator man, and also apparently as a useful man generally. He was directly under the orders of another employé named Keating, who had charge of the engines, boilers, and equipment, including the elevators, and who hired the engineers, firemen, oilers, etc., and had supervision and control of the management of the elevators. There were other agents who had general charge of the building and the renting of offices. On the day of the accident plaintiff was directed by Keating to go into the pit at the foot of one of the elevator shafts to make certain repairs. Before going into the pit plaintiff said to Keating: "Hold the car—keep that car dead until I am through." To which Keating replied: "All right. Go ahead, I will hold the car." While plaintiff was at work in the pit two of defendant's other employés, named Larkin and Greenberg, brought across the street from an opposite building a piece of iron, described as a trench plate. It was about 6 feet long, 18 inches wide, 1¼ inches thick, and weighed about 250 pounds. They brought this piece of iron into the main hall, and were instructed by Keating to put it into the elevator car operating in the shaft in which plaintiff was working, and to take it to the floor below, called in the evidence the Mezzanine floor, which was 18 or 20 feet above the place where plaintiff stood. The plate was accordingly placed in the car, which descended to the lower floor and stopped in such a position that its platform was slightly lower than the hall floor. There was a space of about 2¾ inches between the edge of the car platform and the edge of the hall floor. Greenberg

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

then started to "walk" the piece of iron out of the car; i. e., he held the plate in an upright position, advancing alternately one corner and then the other. Larkin stood in the hallway at the door of the car, ready to help carry the piece of iron to its destination. When the plate had been thus advanced to the car door it slipped out of Greenberg's hands and fell into the shaft between the car platform and the hall door, striking and severely injuring plaintiff. The action was tried as one at common law and the sole question is whether or not, upon the foregoing facts, any negligence was attributable to defendant.

If the jury had paid the slightest heed to the instructions of the court respecting the liability of the defendant, it could not have brought in a verdict in plaintiff's favor. It was doubtless confused and misled by the insistence on plaintiff's part, which is carried into the brief on this appeal, that Keating was the "vice principal" of the defendant, and some apparent color lent to that characterization in the charge. Without stopping to discuss just what does or does not make a superior servant a "vice principal" of the employer so as to attribute to the latter the negligence of the former, we may content ourselves with saying that we much doubt whether Keating held such a relation to the defendant. Whether he did or not is, however, wholly unimportant, because we are unable to discern any negligence on the part either of defendant or Keating.

[1, 2] The court charged, and rightly, as we think that defendant could not be found to have been negligent because of the space between the edge of the car platform and the car. It is manifest that there must always be some space, else the car could not be operated at all, and there was no evidence that the space in the case at bar was excessive or unusual. The respondent does not press this point in his brief. The court also charged that if the cause of the accident was the failure of the operator of the elevator to have the platform of the car on a level with the floor landing, the verdict must be for the defendant. Obviously this instruction was correct because that negligence, if negligence it was, was that of a fellow servant. For the same reason the court was right in charging that no liability could be fastened on defendant if the accident resulted from the negligence of Larkin or Greenberg in handling the plate. Nor was there any evidence that it was improper or negligent to use the car for carrying the plate from one floor to another.

[3, 4] It was also undoubtedly a correct statement to charge the jury, as the court did, that the defendant was not responsible for Keating's failure to anticipate an accident which a reasonably prudent man, looking at the situation before the accident, would not have anticipated. Glasier v. Town of Hebron, 131 N. Y. 447–453, 30 N. E. 239; Hubbell v. City of Yonkers, 104 N. Y. 434–439, 10 N. E. 858, 58 Am. Rep. 522. None of these propositions are seriously combated by plaintiff upon this appeal. His main proposition in support of the judgment appealed from is that Keating, by permitting the car to be used or operated at all while plaintiff was at work in the pit, was guilty of negligence which was the proximate cause of the accident. We do not so consider. It was undoubtedly Keating's duty, having directed plain-

tiff to work in the pit, to take the necessary precautions to prevent the car from being so operated as to injure him. Whether or not a failure to perform this duty would have rendered the defendant liable need not now be considered, because the evidence shows beyond contradiction that Keating did not so fail. There is not the slightest evidence in the case to show that plaintiff's safety could be endangered by operating the elevator, so long as the car was not permitted to descend below the Mezzanine floor, which, as has been said, was 18 or 20 feet above the place where plaintiff was at work. Plaintiff can take nothing by Keating's alleged promise to hold the car still, because this is an action for negligence, not for breach of contract. So long as Keating did not permit the car to go down to the foot of the shaft, he had done all that due care required. It is quite clear, as matter of law, that to operate the car as it was operated was not a negligent act, and it was error to permit the jury so to find. There is no other act contributing to the accident which can properly be called negligent, and consequently there is nothing to support a judgment against the defendant. It is apparent that the determinative facts cannot be changed upon a new trial.

Consequently, not only must the order and judgment appealed from be reversed, but the complaint must be dismissed, as it should have been upon the trial in response to defendant's motion to that effect, with costs to defendant in all courts. All concur.